# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 16, 2001

## E. ALFRED BIBBINS, A/K/A ED OWENS v. T.R. GUNN, D/B/A T.R. GUNN COMPANY

**Appeal from the Circuit Court for Hamilton County**
**No. 99C1615     Samuel H. Payne, Judge**

### FILED DECEMBER 13, 2001

### No. E2001-01070-COA-R3-CV

---

The plaintiff filed a complaint seeking money damages and other relief against the defendant. The complaint alleges that the plaintiff is entitled to the requested relief based on past defamatory statements and anticipated "libelous and slanderous statements that damage plaintiff's reputation." The trial court dismissed the complaint "for lack of proof." We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

E. Alfred Bibbins, Chattanooga, Tennessee, Pro Se.

No brief filed on behalf of appellee, T.R. Gunn d/b/a T.R.Gunn Company.

## MEMORANDUM OPINION[1]

The trial court's order of dismissal recites that this matter was "heard" on October 20, 2000. The order further recites that both parties appeared at the hearing. We do not have a transcript or statement of the evidence memorializing what took place at the hearing on October 20, 2000. "This

---

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." ***Sherrod v. Wix***, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). Accordingly, we do not have a factual basis upon which we can say that the trial court erred when it determined that there was a "lack of proof" to support the plaintiff's claim.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant. This case is remanded for collection of costs assessed below, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE